Turley J.
delivered the opinion of the court.
This bill is filed by Susan Thompson, widow of Jason Thompson, deceased, and Ira C. Kneeland, her son by a former marriage, to recover property claimed by her against the estate of the said Jason Thompson, as belonging to her in her individual right by the operation of the laws of Louisiana, the place of her residence when last married.
Their right to the relief sought depends upon a construction of the law as applicable to the case, upon the following facts.
Mrs. Thompson, the widow of Ira C. Kneeland, resided in the state of Louisiana, and Jason Thompson resided in the state of Tennessee, they intermarried in the state of Louisiana; at the time of the marriage Mrs. Kneeland was possessed of property, movable and immovable. In some short time after the intermarriage they removed to the state of Tennessee, the domicil of the husband, and afterwards other property, movable and immovable, descended to Mrs. Thompson, upon the death of her mother Susan Cobb, a resident citizen of the state of Louisiana.
The question presented for consideration is, — what rights did Jason Thompson, the husband, acquire by virtue of the marriage, over the property of his wife Susan?
By the principles of international law, we consider the following propositions upon this subject settled.
1. If there be no determinate domicil of either the husband or wife, at the time of the marriage, the lex loci contractus governs the husband’s right to the movable property of his wife at the time of the contract, and the lex rei sita, to the immovable.
2. If the husband and wife have different domicils, the law of that of the husband is to prevail as to the wife’s movable *628 property, because the wife is presumed to follow the domicil of the husband.
3. If the parties, at the time of the contract, had reference to another state than the one where it was made, as the place where they intended to live, that the law of the place of intended residence, if it become the actual residence, will govern the right of the husband to the movable property of the wife, and not the lex loci contractus.
"" If there has been a change of the domicil after the marriage, the law of the new domicil shall govern the right of the husband to the movable property of the wife acquired after the change, and not the lex loci contractus. See Story’s Conflict of Laws, from § 143 to § 189, from which we think these principles are clearly deducable. But it is to be observed, that the correctness of these propositions of necessity depends upon the facts, that there has been no express contract between the parties, by which these rights have been changed.
At the time of the marriage between Jason Thompson and his wife Susan, the domicil of Jason Thompson was in the state of Tennessee, that of his wife in the state of Louisiana, which was also the locus contractus. After the marriage, the residence of the parties became the state of Tennessee, where Jason Thompson died.
From the principles above deduced, then it necessarily follows, that, inasmuch as by the laws of the state of Tennessee the husband acquires an absolute right to the movable property of his wife, Jason Thompson, by virtue of his marriage in the state of Louisiana, acquired such right to the movable property of his wife as belonged to her at the time of her marriage, or which she may have acquired from any source whatever since that event and his death, and which he may have reduced into possession during his life time.
This makes it necessary for us to enquire what property is movable and what is immovable by the laws of Louisiana.
It has been held at the present term of the court, in the case of McCollum & al. vs. Smith, “that every state may impress upon all property within its own territory, any character it may choose, and no other state or nation can impugn or vary that character.
*629 Upon an examination of the laws of the state of Louisiana, Digest of 1808, page 96, c. 2, Title Immovables, it will be seen that all the lands and the appurtenances.thereto belonging, slaves, cattle intended for cultivation, implements of husbandry, and other things not necessary to be specified in this case, arc declared to he immovable.
To all property of this description then, Jason Thompson obtained no right by virtue of his marriage with his wife, whether the same was acquired before or after that event, in the state of Louisiana. ( And for so much of it as may now be in the possession of his administrator, or may have been used by him during coverture without his wife’s consent, his estate must account to the complainants. But his right to every other species of property, and which may be embraced under the title of movable, is, by virtue of the marriage, paramount to that of'his wife, and must prevail against it. And, under this head, will be classed all the property, both movable and immovable, which descended to Mrs. Thompson from the estate of her mother, Susan Cobb, which was sold by the order of the parish court in the state of Louisiana, for the purpose of making ¿ division and distribution between the heirs; and the proceeds of which were received by Jason Thompson, under a power of attorney from his wife.
In this case, the immovable estate of Mis. Thompson, which was converted into movable, or personal, property, in Louisiana, by operation of law, and which was afterwards received by Jason Thompson, or by virtue of the power of attorney of his wife, without qualification, and without any agreement, that it should be held for her separate use; became, by virtue of such reception, his absolute property.
If any of her property, which was immovable by the laws of Louisiana, remains in specie in the possession of any of the defendants, the complainant is entitled to have it delivered up to him, and to an account for hire or profits from the date of Thompson’s death. Or, if any such property were converted to personal, by Thompson, or by a decree of the court, and he became possessed thereof without his wife’s cónsent, his administrator must account therefor with interest.
The decree of the chancellor will therefore be reversed *630 an(j reformed, so as to charge the estate of Jason Thompson in accordance with this opinion, giving interest on all sums of money received by him in his life time, by a conversion of the immovable property of his wife from the date of his death, and hire at a reasonable rate for all, which may have come to the hands of the administrators of Jason Thompson, in kind from the same period,